IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

S.W.H. CORPORATION,                    )
17852 E. 17ᵗʰ Street                   )
South Building, Suite 108              )
Tustin, California  92780,             )
                                       )
          Plaintiff,                   )
                                       )
     v.                                )        Case No. _____
                                       )
ANDY SHALLAL,                          )        JURY TRIAL DEMANDED
8461 Chapelwood Court                  )
Annandale, VA  22003,                  )
                                       )
                                       )
                                       )
LAN, INC.,                             )
8461 Chapelwood Court                  )
Annandale, VA  22003,                  )
                                       )
          and                          )
                                       )
BK&F LLC,                              )
2120 P Street, NW                      )
Washington, DC  20036                  )
                                       )
          Defendants.                  )

## COMPLAINT

Plaintiff, S.W.H. Corporation ("SWH"), by and through its undersigned counsel, and for

its Complaint against defendants, Andy Shallal ("Shallal"), LAN, Inc. ("LAN"), and BK&F LLC

("BK&F"), hereby alleges as follows:

## JURISDICTION, PARTIES AND VENUE

1.      This is an action for service mark infringement, unfair competition under various

provisions of the Lanham Act, 15 U.S.C. §§ 1051 et seq., and breach of contract.  This Court has

subject matter jurisdiction over the federal claims in this action pursuant to, at least, 28 U.S.C. §§ 1331, and 1338, and over the state and common law claims pursuant to 28 U.S.C. § 1367.

2.     Plaintiff SWH is a California corporation with its principal place of business at 17852 E. 17th Street, South Building, Suite 108, Tustin, California 92780.

3.     Upon information and belief, defendant Shallal is a resident of the Commonwealth of Virginia, with an address of 8461 Chapelwood Court, Annandale, Virginia 22003.

4.     Upon information and belief, defendant LAN is a District of Columbia corporation with its principal place of business at 8461 Chapelwood Court, Annandale, VA 22003.

5.     Upon information and belief, defendant BK&F is a District of Columbia limited liability company with its principal place of business at 2120 P Street, N.W., Washington, D.C. 20036.

6.     This court has personal jurisdiction over defendants. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) and (c), as a substantial part of the events giving rise to plaintiff's claims has occurred in this district.

<u>BACKGROUND FACTS</u>

7.     Plaintiff SWH is the owner and operator of the "Mimis Cafe" chain of restaurants, which was founded in 1978 in Anaheim, California. There are now more than 100 Mimis Cafe restaurants throughout the United States with over $300 million in annual sales combined. SWH is in an aggressive expansion mode and its plans for 2007-2008 include restaurants in the Washington, D.C. metropolitan area, namely, Frederick County, Maryland; Howard County,

2

Maryland (construction commenced March 26, 2007); and Loudon County, Virginia (construction commenced March 12, 2007).

8.      SWH owns federal registrations for several trademarks and service marks used in the operation of its Mimis Cafe restaurants. The most significant registrations for purposes of this action are U.S. Reg. No. 1,306,490 for "MIMIS CAFE" for "coffeeshop services" in Class 42, issued November 20, 1984; and U.S. Reg. No. 2,132,534 for "MIMIS CAFE" and Design for "coffeeshop services" in Class 42, issued January 27, 1998. Copies of the status information for these registrations, both of which are in full force and effect, are attached hereto as Exhibit A. SWH also owns pending applications for the mark "MIMIS CAFE", Serial Nos. 76/628,691 and 76/628,692, filed January 25, 2005. As the earliest of plaintiff's registrations dates to 1984, plaintiff has superior rights throughout the United States to the MIMIS CAFE mark to any person or entity adopting the mark after that date.

9.      As part of preparations for its expansion into the Washington, D.C. metropolitan area, as it has in other geographic regions, SWH has investigated whether other restaurants or similar businesses in the local region may be using marks or names that are confusingly similar to MIMIS CAFE and have rights that are junior to SWH. Where SWH finds such marks or names in use, SWH's practice has been to contact the users of these marks or names well in advance of its arrival in the region and to advise them of SWH's superior rights in the mark MIMIS CAFE. By advising these users well in advance of SWH's arrival in the region, SWH has been able in many cases to allow such users ample time to plan and implement a changeover to a mark or name not likely to be confused with SWH's registered MIMIS CAFE mark and to avoid the necessity of litigation.

10.    In accordance with this practice, SWH learned over two years ago, in connection with its forthcoming expansion into the Washington, D.C. metropolitan area, that defendants Shallal and LAN were operating a restaurant named MIMI'S AMERICAN BISTRO, a name confusingly similar to SWH's registered mark, at 2120 P Street, NW, Washington, DC 20036. A photograph of the storefront of the restaurant showing this confusingly similar name is attached hereto as Exhibit "B." Upon information and belief, defendants' restaurant began operating under the name MIMI'S AMERICAN BISTRO well after SWH's registration date of November 1984. SWH's counsel first contacted the restaurant upon learning of its existence in June 2004, notifying defendants Shallal and LAN of SWH's superior rights in the MIMIS CAFE mark and asking that the restaurant's name be changed.

11.    Over the past two-plus years, SWH has endeavored to work with defendants Shallal and LAN through their then-counsel to arrive at a mutually agreeable solution whereby defendants Shallal and LAN would select a new name for their restaurant and have a phase-out period to change the name before the opening of SWH's restaurants in the Washington. D.C. metropolitan area.

12.    As a result of the aforementioned efforts, SWH and defendants Shallal and LAN entered into a contract on January 12, 2006, which was signed by Shallal, both in his personal capacity and as President of LAN, a copy of which is attached hereto as Exhibit C. The contract provided that Shallal and LAN, if they continued to operate the restaurant after March 31, 2006, were to change its name to SINGING MIMI'S no later than April 30, 2006.

13.    Shallal and LAN continued to operate the restaurant after March 31, 2006; however, they did not change its name as required by the contract.

4

14.    On June 8, 2006, counsel for Plaintiff sent counsel for Shallal and LAN a Notice of Default, advising that they were in breach of their agreement to change the name of the restaurant by April 30, 2006, and noting that exterior signage and the restaurant's website still referred to "MIMI'S AMERICAN BISTRO." A copy of this letter is attached hereto as Exhibit D.

15.    On June 23, 2006, counsel for Shallal and LAN responded to the June 8, 2006 Notice of Default in an e-mail, a copy of which is attached hereto as Exhibit E, wherein she claimed that her client was not in default and asserted that the name of the restaurant had been changed to "SINGING MIMI." This assertion was not accurate. Counsel for SWH so advised counsel for Shallal and LAN in a letter that same date, a true and correct copy of which is attached hereto as Exhibit F, that, as shown in the photograph and receipt attached to the letter, the name "MIMI's AMERICAN BISTRO" still appeared on the receipt, and the banners outside the restaurant had been changed to read "MIMI AN AMERICAN BISTRO", and not "SINGING MIMI'S" as provided for in the contract.

16.    Having heard nothing further for several weeks, counsel for plaintiff on or about October 4, 2006 contacted the attorney who had been representing defendants Shallal and LAN. The attorney advised counsel for Plaintiff that she was no longer representing defendants Shallal and LAN. Further inquiry revealed that defendant LAN had listed a Dimitri P. Mallios, Esquire as its registered agent for service of process, and on October 26, 2006, counsel for Plaintiff sent a letter to Mr. Mallios and defendant Shallal notifying them of defendants Shallal's and LAN's default under the January 2006 contract. A copy of this letter is attached hereto as Exhibit G.

17.    Defendant Shallal responded to this letter in an e-mail, a copy of which is attached hereto as Exhibit H, stating that he had received the letter, that Mr. Mallios would be handling the matter, and that he was in the process of making "appropriate changes."

18.    On or about November 7, 2006, counsel for Plaintiff spoke with Mr. Mallios, who stated that the restaurant had been sold and that the new owner (not identified by Mr. Mallios) would be changing the name once the application to transfer the restaurant's liquor license had been approved, which he expected to take place by the end of 2006.

19.    In January 2007, Plaintiff undertook to investigate whether the restaurant had changed its name as Mr. Mallios indicated it would.  In fact, the restaurant was still being operated as "MIMI'S AMERICAN BISTRO," and staff has continued to answer the telephone as "MIMI's."

20.    During the course of its investigation, Plaintiff learned that the new owner/operator of the restaurant was defendant BK&F, LLC, which, upon information and belief, had purchased the restaurant in or about September 2006.

21.    Plaintiff has contacted counsel for defendant BK&F to advise BK&F of Plaintiff's agreement with defendants Shallal and LAN and to explain how defendant BK&F's continuing operation of the restaurant under the name "MIMI'S AMERICAN BISTRO" infringes Plaintiff's rights.  Defendant BK&F, however, has not changed the restaurant's name but has continued to operate it as "MIMI'S AMERICAN BISTRO."

22.    As the opening of SWH's local restaurants draws nearer, and SWH has begun construction of its MIMIS CAFE restaurants in the Washington, DC metropolitan area, defendant BK&F's use of the confusingly similar name MIMI'S AMERICAN BISTRO in the operation of its restaurant will cause confusion among the relevant public working to the

detriment of the enviable goodwill that SWH enjoys in its mark from nearly thirty years of use. For example, SWH will soon be advertising in the same publications in which defendant's restaurant has been featured. Also, SWH's phone book listing under "MIMIS CAFE" would be very similar to defendant's phone book listing. Unless defendant is enjoined from using a name confusingly similar to plaintiff's MIMIS CAFE mark, SWH's equity in its well established brand will be diminished.

## COUNT I – TRADEMARK INFRINGEMENT
## UNDER 15 U.S.C. § 1114 BY DEFENDANTS SHALLAL AND LAN

23.    Plaintiff hereby realleges and incorporates by reference Paragraphs 1-22 of this Complaint as if fully set forth herein.

24.    By their actions described above, defendants Shallal and LAN have used in commerce, without plaintiff's consent, reproductions, counterfeits, copies, or colorable imitations of plaintiff's registered trademarks and service marks, including, without limitation, MIMI'S AMERICAN BISTRO, in connection with the sale, offer for sale, distribution, and/or advertising of restaurant services, such use being likely to cause confusion, to cause mistake, or to deceive.

25.    Upon information and belief, the foregoing conduct of defendants Shallal and LAN has been willful and with knowledge of the unauthorized nature of the services they are offering.

26.    The actions of defendants Shallal and LAN described in this Count constitute trademark and service mark infringement in violation of 15 U.S.C. § 1114. Defendants' actions have caused and, unless enjoined by this Court, will continue to cause serious and irreparable injury to plaintiff for which plaintiff has no adequate remedy at law.

7

27.    The acts of defendants Shallal and LAN described in this Count have also caused damage to plaintiff for which plaintiff should be compensated by defendant.

## COUNT II – UNFAIR COMPETITION
### UNDER 15 U.S.C. § 1125(a) BY DEFENDANTS SHALLAL AND LAN

28.    Plaintiff hereby realleges and incorporates by reference Paragraphs 1-22 of this Complaint as if fully set forth herein.

29.    By their actions described above, defendants Shallal and LAN have, without plaintiff's consent, in connection with restaurant services, used in commerce a word, term, name, symbol, device, or any combination thereof, including, without limitation, MIMI'S AMERICAN BISTRO, which is likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection and/or association of defendants Shallal and LAN with plaintiff, and/or as to the origin, sponsorship, and/or approval of defendants' restaurant services by plaintiff.

30.    Upon information and belief, the foregoing conduct of defendants Shallal and LAN has been willful and with knowledge of the unauthorized nature of the restaurant services it is offering.

31.    The actions of defendants Shallal and LAN described in this Count constitute unfair competition in violation of 15 U.S.C. § 1125(a).  Defendants' acts have caused and, unless enjoined by this Court, will continue to cause serious and irreparable injury to plaintiff for which plaintiff has no adequate remedy at law.

32.    The acts of defendants Shallal and LAN described in this Count have also caused damage to plaintiff for which plaintiff should be compensated by defendants Shallal and LAN.

8

COUNT III – BREACH OF CONTRACT BY DEFENDANTS SHALLAL AND LAN

33.    Plaintiff hereby realleges and incorporates by reference Paragraphs 1-22 of this Complaint as if fully set forth herein.

34.    Plaintiff and defendants Shallal and LAN entered into a valid and binding contract, which was executed and signed by defendants Shallal and LAN on January 12, 2006, in which defendants Shallal and LAN agreed to change the name of the restaurant by April 30, 2006.

35.    Defendants Shallal and LAN did not change the name of the restaurant by April 30, 2006 and thus have breached their contract with plaintiff..

36.    The acts of defendants Shallal and LAN described in this Count have caused damage to plaintiff for which plaintiff should be compensated by defendants Shallal and LAN.

COUNT IV – TRADEMARK INFRINGEMENT
UNDER 15 U.S.C. § 1114 BY DEFENDANT BK&F

37.    Plaintiff hereby realleges and incorporates by reference Paragraphs 1-22 of this Complaint as if fully set forth herein.

38.    By its actions described above, defendant BK&F has used in commerce, without plaintiff's consent, reproductions, counterfeits, copies, or colorable imitations of plaintiff's registered trademarks and service marks, including, without limitation, MIMI'S AMERICAN BISTRO, in connection with the sale, offer for sale, distribution, and/or advertising of restaurant services, such use being likely to cause confusion, to cause mistake, or to deceive.

39.    Upon information and belief, the foregoing conduct of defendant BK&F has been willful and with knowledge of the unauthorized nature of the services they are offering.

40.    The actions of defendant BK&F described in this Count constitute trademark and service mark infringement in violation of 15 U.S.C. § 1114. Defendant's actions have caused and, unless enjoined by this Court, will continue to cause serious and irreparable injury to plaintiff for which plaintiff has no adequate remedy at law.

41.    The acts of defendant BK&F described in this Count have also caused damage to plaintiff for which plaintiff should be compensated by defendant BK&F.

## COUNT V – UNFAIR COMPETITION
## UNDER 15 U.S.C. § 1125(a) BY DEFENDANT BK&F

42.    Plaintiff hereby realleges and incorporates by reference Paragraphs 1-22 of this Complaint as if fully set forth herein.

43.    By its actions described above, defendant BK&F has, without plaintiff's consent, in connection with restaurant services, used in commerce a word, term, name, symbol, device, or any combination thereof, including, without limitation, MIMI'S AMERICAN BISTRO, which is likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection and/or association of defendant BK&F with plaintiff, and/or as to the origin, sponsorship, and/or approval of defendant's restaurant services by plaintiff.

44.    Upon information and belief, the foregoing conduct of defendant BK&F has been willful and with knowledge of the unauthorized nature of the restaurant services it is offering.

45.    The actions of defendant BK&F described in this Count constitute unfair competition in violation of 15 U.S.C. § 1125(a). Defendant's acts have caused and, unless enjoined by this Court, will continue to cause serious and irreparable injury to plaintiff for which plaintiff has no adequate remedy at law.

46.    The acts of defendant BK&F described in this Count have also caused damage to plaintiff for which plaintiff should be compensated by defendant BK&F.

WHEREFORE, plaintiff prays:

a)    that defendants be found to have breached the contract and infringed plaintiff's rights in the MIMIS CAFE mark, and that defendants be found liable on each of the causes of action enumerated in this Complaint;

b)    that defendants, their officers, directors, employees, agents and affiliated entities, and all persons in active participation or concert with them, be preliminarily and permanently enjoined from infringing plaintiff's marks, and from unfairly competing with plaintiff in any other manner;

c)    that defendants be required to deliver up and/or to destroy any and all insignias bearing the MIMI'S AMERICAN BISTRO name in their possession, as well as all signs, menus, labels, literature, and advertisements bearing the name, together with any means for producing same;

d)    that defendants be ordered to provide an accounting of all profits derived from their sales of services in connection with the acts complained of herein, and to pay such profits, or such greater sum as this Court deems just and proper, to plaintiff;

e)    that defendants be ordered to pay damages to plaintiff adequate to compensate plaintiff for the acts described in this Complaint, or, upon plaintiff's election, statutory damages pursuant to 15 U.S.C. § 1117(c), that such damages be trebled, and that defendants be ordered to pay plaintiff its reasonable attorneys' fees; and

f)    that plaintiff have such other and further relief as this Court may deem just

and proper.

_William H Oldach III_
William H. Oldach III
D.C. Bar No. 458757
Vorys, Sater, Seymour and Pease LLP
1828 L Street, N.W.
Suite 1111
Washington, DC  20036
Telephone:  (202) 467-8871
Facsimile:  (202) 467-8900

Attorneys for Plaintiff
S.W.H. CORPORATION


OF COUNSEL:

Cory M. Amron
Vorys, Sater, Seymour and Pease LLP
1828 L Street, N.W., 11th Floor
Washington, D.C.  20036
Telephone:  (202) 467-8800
Facsimile:  (202) 467-8900

## CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| S.W.H. Corporation | Andy Shallal; LAN, Inc.; BK&F, LLC |
| **(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____ <br> (EXCEPT IN U.S. PLAINTIFF CASES) <br><br> Orange, California | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____ <br> (IN U.S. PLAINTIFF CASES ONLY) <br> NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE <br> TRACT OF LAND INVOLVED |
| **(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) <br> William H. Oldach, III <br> Vorys Sater Seymour and Pease LLP <br> 1828 L Street NW, Suite 1100, Washington, DC 20036 <br> (202) 467-8800 | ATTORNEYS (IF KNOWN) |

### II. BASIS OF JURISDICTION

(PLACE AN x IN ONE BOX ONLY)

□ 1 U.S. Government
    Plaintiff

☒ 3 Federal Question
    (U.S. Government Not a Party)

□ 2 U.S. Government
    Defendant

□ 4 Diversity
    (Indicate Citizenship of Parties
    in item III)

### III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | □ 1 | □ 1 | Incorporated or Principal Place <br> of Business in This State | □ 4 | □ 4 |
| Citizen of Another State | □ 2 | □ 2 | Incorporated and Principal Place <br> of Business in Another State | □ 5 | □ 5 |
| Citizen or Subject of a <br> Foreign Country | □ 3 | □ 3 | Foreign Nation | □ 6 | □ 6 |

### IV.  CASE ASSIGNMENT AND NATURE OF SUIT

**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

| □ **A.** *Antitrust* | □ **B.** *Personal Injury/ Malpractice* | □ **C.** *Administrative Agency Review* | □ **D.** *Temporary Restraining Order/Preliminary Injunction* |
|---|---|---|---|
| □ 410 Antitrust | □ 310 Airplane <br> □ 315 Airplane Product Liability <br> □ 320 Assault, Libel & Slander <br> □ 330 Federal Employers Liability <br> □ 340 Marine <br> □ 345 Marine Product Liability <br> □ 350 Motor Vehicle <br> □ 355 Motor Vehicle Product Liability <br> □ 360 Other Personal Injury <br> □ 362 Medical Malpractice <br> □ 365 Product Liability <br> □ 368 Asbestos Product Liability | □ 151 Medicare Act <br><br> **Social Security:** <br> □ 861 HIA ((1395ff) <br> □ 862 Black Lung (923) <br> □ 863 DIWC/DIWW (405(g) <br> □ 864 SSID Title XVI <br> □ 865 RSI (405(g) <br><br> **Other Statutes** <br> □ 891 Agricultural Acts <br> □ 892 Economic Stabilization Act <br> □ 893 Environmental Matters <br> □ 894 Energy Allocation Act <br> □ 890 Other Statutory Actions (If <br>     Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment. <br><br> *(If Antitrust, then A governs)* |

☒ **E.** *General Civil (Other)* OR □ **F.** *Pro Se General Civil*

| | | | |
|---|---|---|---|
| **Real Property** <br> □ 210 Land Condemnation <br> □ 220 Foreclosure <br> □ 230 Rent, Lease & Ejectment <br> □ 240 Torts to Land <br> □ 245 Tort Product Liability <br> □ 290 All Other Real Property <br><br> **Personal Property** <br> □ 370 Other Fraud <br> □ 371 Truth in Lending <br> □ 380 Other Personal Property Damage <br> □ 385 Property Damage Product Liability | **Bankruptcy** <br> □ 422 Appeal 28 USC 158 <br> □ 423 Withdrawal 28 USC 157 <br><br> **Prisoner Petitions** <br> □ 535 Death Penalty <br> □ 540 Mandamus & Other <br> □ 550 Civil Rights <br> □ 555 Prison Condition <br><br> **Property Rights** <br> □ 820 Copyrights <br> □ 830 Patent <br> ☒ 840 Trademark <br><br> **Federal Tax Suits** <br> □ 870 Taxes (US plaintiff or <br>     defendant <br> □ 871 IRS-Third Party 26 <br>     USC 7609 | **Forfeiture/Penalty** <br> □ 610 Agriculture <br> □ 620 Other Food &Drug <br> □ 625 Drug Related Seizure of <br>     Property 21 USC 881 <br> □ 630 Liquor Laws <br> □ 640 RR & Truck <br> □ 650 Airline Regs <br> □ 660 Occupational <br>     Safety/Health <br> □ 690 Other <br><br> **Other Statutes** <br> □ 400 State Reapportionment <br> □ 430 Banks & Banking <br> □ 450 Commerce/ICC <br>     Rates/etc. <br> □ 460 Deportation | □ 470 Racketeer Influenced & Corrupt <br>     Organizations <br> □ 480 Consumer Credit <br> □ 490 Cable/Satellite TV <br> □ 810 Selective Service <br> □ 850 Securities/Commodities/ <br>     Exchange <br> □ 875 Customer Challenge 12 USC <br>     3410 <br> □ 900 Appeal of fee determination <br>     under equal access to Justice <br> □ 950 Constitutionality of State <br>     Statutes <br> □ 890 Other Statutory Actions (if not <br>     administrative agency review or <br>     Privacy Act |

| ☐ **G.** *Habeas Corpus/ 2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ **H.** *Employment Discrimination*<br><br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ **I.** *FOIA/PRIVACY ACT*<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ **J.** *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ **K.** *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ **L.** *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ **M.** *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ **N.** *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify)    ☐ Multi district Litigation    ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Trademark infringement and unfair competition under 15 U.S.C. Secs. 1114, 1125

| **VII. REQUESTED IN COMPLAINT** | CHECK IF THIS IS A CLASS<br>☐   ACTION UNDER F.R.C.P. 23 | **DEMAND $** | Check YES only if demanded in complaint<br>**JURY DEMAND:** ☒ YES    ☐ NO |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    ☐ YES   ☒ NO    If yes, please complete related case form.

DATE 5/29/07    SIGNATURE OF ATTORNEY OF RECORD    *William M Alduch Jr*

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

# EXHIBIT A



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System(Tess)

*TESS was last updated on Tue May 22 04:18:25 EDT 2007*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP |

**Logout** Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

| TARR Status | ASSIGN Status | TDR | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)*



| | |
|---|---|
| **Word Mark** | MIMIS CAFE |
| **Goods and Services** | IC 042. US 100 101. G & S: coffeeshop services. FIRST USE: 19960600. FIRST USE IN COMMERCE: 19960600 |
| **Mark Drawing Code** | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| **Design Search Code** | 13.01.05 - Chandeliers; Lava lamps; Nightlights; Pole lamps; Sconces (lamps) |
| **Serial Number** | 75236938 |
| **Filing Date** | February 5, 1997 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | November 4, 1997 |
| **Registration Number** | 2132534 |
| **Registration Date** | January 27, 1998 |
| **Owner** | (REGISTRANT) SWH Corporation CORPORATION CALIFORNIA 17852 East 17th Street South Building, Suite 108 Tustin CALIFORNIA 92680 |
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Prior Registrations** | 1306490 |
| **Disclaimer** | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "CAFE" APART FROM THE MARK AS SHOWN |
| **Type of Mark** | SERVICE MARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). |
| **Live/Dead Indicator** | LIVE |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

 **United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

# Trademarks > Trademark Electronic Search System(Tess)

*TESS was last updated on Tue May 22 04:18:25 EDT 2007*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP |

Logout  Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

| TARR Status | ASSIGN Status | TDR | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)*

## Typed Drawing

| | |
|---|---|
| **Word Mark** | MIMIS CAFE |
| **Goods and Services** | IC 042. US 100. G & S: Coffeeshop Services. FIRST USE: 19781219. FIRST USE IN COMMERCE: 19781219 |
| **Mark Drawing Code** | (1) TYPED DRAWING |
| **Design Search Code** | |
| **Serial Number** | 73409400 |
| **Filing Date** | January 14, 1983 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | September 11, 1984 |
| **Change In Registration** | CHANGE IN REGISTRATION HAS OCCURRED |
| **Registration Number** | **1306490** |
| **Registration Date** | November 20, 1984 |
| **Owner** | (REGISTRANT) S.W.H. Corporation CORPORATION CALIFORNIA South Building, Suite 108 17852 E. 17th Street Tustin CALIFORNIA 92780 |
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Attorney of Record** | CORY M AMRON |
| **Disclaimer** | No claim is made to the exclusive right to use "Cafe", apart from the mark as shown. |
| **Type of Mark** | SERVICE MARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). SECTION 8(10-YR) 20041220. |
| **Renewal** | 1ST RENEWAL 20041220 |
| **Live/Dead Indicator** | LIVE |

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP |

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

# EXHIBIT B



# EXHIBIT C

# Vorys, Sater, Seymour and Pease LLP

Eleventh Floor • 1828 L Street. NW • Washington, DC 20036-5109 • Telephone (202) 467-8800 • Facsimile (202) 467-8900

| | | | | | |
|---|---|---|---|---|---|
| Arthur L. Vorys 1856-1933 Lowry F. Sater 1867-1935 Augustus T. Seymour 1873-1926 Edward L. Pease 1873-1924 | In Columbus 52 East Gay Street Post Office Box 1008 Columbus, OH 43216-1008 Telephone (614) 464-6400 Facsimile (614) 464-6350 | In Cleveland 2100 One Cleveland Center 1375 East Ninth Street Cleveland, Ohio 44114-1724 Telephone (216) 479-6100 Facsimile (216) 479-6060 | In Cincinnati Suite 2000 - Atrium II 221 East Fourth Street Post Office Box 0236 Cincinnati, Ohio 45201-0236 Telephone (513) 723-4000 Facsimile (513) 723-4056 | In Alexandria 277 South Washington Street Suite 310 Alexandria, Virginia 22314-3640 Telephone (703) 837-6999 Facsimile (703) 549-4492 | In Akron 106 South Main Street Suite 1100 Akron, Ohio 44308-1417 Telephone (330) 208-1000 Facsimile (330) 208-1001 |

Cory M. Amron

Direct Dial (202) 467-8810

Facsimile (202) 467-8900

E-Mail - cmamron@vssp.com

December 22, 2005

**WITHOUT PREJUDICE**
**FOR SETTLEMENT PURPOSES**

**VIA FACSIMILE AND EMAIL**
simbella@msn.com
202-464-6467

Nina M. Osseiran, Esq.
2120 P Street, NW
Washington, DC  20037

        Re:    Mimi's American Bistro
                 Our Ref. No.:  057694-000004

Dear Nina:

        This is in response to your e-mail of December 21, 2005.  Our client, SWH Corporation ("SWH") has considered your client's communication and is not willing to wait until January 20, 2006 to reach a resolution of this matter.

        However, SWH proposes the following terms of an agreement between our respective clients, and requests that your client execute this letter, intending to be legally bound, in order to avoid litigation in this matter.  Please note that this proposal assumes that Mr. Shallal owns and is operating Mimi's American Bistro as a sole proprietorship.  If a corporation or other entity ("Bistro Entity") owns Mimi's American Bistro, this agreement shall be read to apply to that entity as well, and we will require signature on behalf of the Bistro Entity.

        1.    Mr. Andy Shallal ("Mr. Shallal"), individually, and trading as Mimi's American Bistro, and on behalf of any Bistro Entity and his successors, transferees, and assigns ("Successors"), hereby agrees to change the name of his restaurant located at 2120 P Street, NW, Washington, DC, to a name that does not include MIMI, MIMI'S or a name that is confusingly similar to MIMIS CAFE (such new name shall be referred to as the "Non-Mimi Name");

Vorys, Sater, Seymour and Pease LLP

Nina M. Osseiran, Esq.
December 22, 2005
Page 2

provided, however, that so long as Mr. Shallal owns 100% of Mimi's American Bistro (or the Bistro Entity), he shall be permitted to use the name SINGING MIMI as the name of the restaurant, on the terms and conditions described in Paragraph 3, below.

    2.    Upon sale of the assets of Mimi's American Bistro, (or sale of all or a portion of Mr. Shallal's ownership interest in the Bistro Entity) ("Bistro Sale"), the name of Mimi's American Bistro shall be changed to the Non-Mimi Name.

    3.    If a Bistro Sale has not occurred on or before March 31, 2006:

    a.    Mr. Shallal (and the Bistro Entity) shall change the name of Mimi's American Bistro to SINGING MIMI by April 30, 2005;

    b.    The name SINGING MIMI shall not be used at any restaurant location other than 2120 P Street, NW. Washington, DC; and

    c.    SWH will reimburse Mr. Shallal for the actual out of pocket expenses incurred by Mr. Shallal in connection with the change of name to SINGING MIMI, such reimbursement, however, shall not exceed $2,500.

    4.    SWH shall not reimburse Mr. Shallal or any Successors for the change in name to a Non-Mimi Name.

    5.    Except as specifically provided in Paragraph 1, above, neither Mr. Shallal, nor a Bistro Entity, nor any Successors shall use a restaurant name containing the word MIMI or MIMI's, or use a restaurant name confusingly similar to MIMIS CAFE after April 30, 2006.

This Agreement and the obligations and duties therein, shall be binding upon the parties, their successors and assigns.

This Agreement supersedes all prior or contemporaneous agreements, offers, negotiations, representations, understandings and discussions between the parties and/or their respective counsel with respect to the subject matter covered hereby.

Please have Mr. Shallal indicate his agreement to this proposal by executing below on his behalf as an individual and on behalf of any Bistro Entity.

If we do not receive an executed agreement by hand-delivery or fax by 5:00 pm on **Wednesday, January 4, 2006**, this offer will be revoked and our client reserves the right to take any appropriate action.

Vorys, Sater, Seymour and Pease LLP

Nina M. Osseiran, Esq.
December 22, 2005
Page 3

Since I will be leaving the office today and not returning until the New Year, please return the executed agreement to my colleague, William H. Oldach at (202) 467-8900 (fax).  His phone extension is (202) 467-8880.

Vorys, Sater, Seymour and Pease LLP

Nina M. Osseiran, Esq.
December 22, 2005
Page 4

I look forward to resolving this matter.

Sincerely,

Cory M. Amron
Attorney for, and on behalf of, SWH Corporation

CMA/pak
cc: Roger H. Tefft, Esq.

Understood, Agreed, and
Intending to be Legally Bound

_____
Andy Shallal, an individual

[Bistro Entity: _LAN Inc._ ]

By: _____
Andy Shallal, President

Date: _1/12/06_

# EXHIBIT D

# Vorys, Sater, Seymour and Pease LLP

1828 L Street NW • Eleventh Floor • Washington, D.C. 20036-5109 • Telephone (202) 467-8800 • Facsimile (202) 467-8900

| | | | | | |
|---|---|---|---|---|---|
| Arthur I. Vorys<br>1856-1933<br>Lowry F. Sater<br>1867-1935<br>Augustus T. Seymour<br>1873-1926<br>Edward L. Pease<br>1873-1924 | COLUMBUS<br>52 East Gay St.<br>PO Box 1008<br>Columbus, OH 43216-1008<br><br>Tel 614.464.6400<br>Fax 614.464.6350<br>Cable VORYSATER | CLEVELAND<br>2100 One Cleveland Center<br>1375 East Ninth St.<br>Cleveland, OH 44114-1724<br><br>Tel 216.479.6100<br>Fax 216.479.6060 | CINCINNATI<br>Suite 2000, Atrium Two<br>221 E. Fourth St.<br>PO Box 0236<br>Cincinnati, OH 45201-0236<br><br>Tel 513.723.4000<br>Fax 513.723.4056 | ALEXANDRIA<br>277 South Washington St.<br>Suite 310<br>Alexandria, VA 22314<br><br>Tel 703.837.6999<br>Fax 703.549.4492 | AKRON<br>106 South Main Street<br>Suite 1100<br>Akron, OH 44308<br><br>Tel 330.208.1000<br>Fax 330.208.1001 |

Cory M. Amron
Direct Dial (202) 467-8810
Facsimile (202) 467-8900
E-Mail - cmamron@vssp.com

June 8, 2006

**VIA E-MAIL**
simbella@msn.com

Nina M. Osseiran, Esq.
1627 E. Jefferson Street
Rockville, MD  20852

> Re:   **NOTICE OF DEFAULT**
> **Mimi's American Bistro**
> **2120 P Street, NW, Washington, DC**
> **Our Ref. No.:  057694-000004**

Dear Nina:

This letter constitutes formal notice that your client is in default of the Agreement dated January 12, 2006, between Mr. Shallal, individually, and as the president of Lan, Inc., on the one hand and SWH Corporation on the other.

As you know, the Agreement provides that should a sale of the restaurant not occur by March 31, 2006, your client shall change the name MIMI'S AMERICAN BISTRO to SINGING MIMI by **April 30, 2006.**  If there has been a sale of the assets of the restaurant, however, or your client has sold all or a portion of his ownership interest in the restaurant, the Agreement provides that Mr. Shallal shall change the name of the restaurant to a "Non-Mimi's" name immediately.  We have not heard from you further in this matter, so we presume that Mr. Shallal has not sold his restaurant.

As of today, Mr. Shallal has not ceased using the name MIMI'S AMERICAN BISTRO and the exterior signage and web site at mimisdc.com still identifies and advertises the restaurant as MIMI'S AMERICAN BISTRO.  Please be advised that unless Mr. Shallal acts immediately to remedy his breach of the Agreement, our client intends to take whatever steps it deems necessary in order to protect its rights and enforce the terms of the Agreement.

Vorys, Sater, Seymour and Pease LLP

Nina M. Osseiran, Esq.
June 8, 2006
Page 2


Please contact me as soon as possible with your client's intentions in this matter.

Sincerely,

Cory M. Amron

CMA/RSD/dm

cc:    Roger H. Tefft, Esq.

# EXHIBIT E

**Amron, Cory M.**

| | |
|---|---|
| **From:** | Nina Osseiran [simbella@msn.com] |
| **Sent:** | Friday, June 23, 2006 9:40 AM |
| **To:** | Amron, Cory M. |
| **Cc:** | Milligan, Denise R. |
| **Subject:** | RE: Mimi's American Bistro |

June 23, 2006
Cory M. Amron, Esq.
Vorys, Sater, Seymour and Pease LLP

Ms. Amron,

Contrary to your June 8 correspondence, my client, Mr. Shallal, is not in default of the
January 12, 2006 Agreement entered into with SWH Corporation.
   All demands have been met.  "Mimi's American Bistro" has formally been changed to
"Singing Mimi" and all exterior signage, menus, and web site references have been changed
accordingly.  Your letter does not indicate that you physically went to the restaurant and
observed that the exterior signage, menus and the like were unchanged.  Mr. Shallal is in
full compliance with the requirements as set forth by SWH Corporation.

Confidential negotiations for the sale of the restaurant remain underway, however slowly.
Singing Mimi is expected to be sold by the end of the summer, at which time, the
restaurant name will change entirely without any reference whatsoever to "MIMI" or
"MIMIS".  This information is strictly confidential.

Please note my change of address below.  Email remains the preferred method of
communication.

Cordially,

Nina Osseiran, Esq.
1513 Blue Meadow Road
Potomac MD 20854
301-404-9804
simbella@msn.com

The above communication contains information that may be confidential and/or privileged.
Except for personal use by the intended recipient, or as expressly authorized by the
sender, any person who receives this information is prohibited from disclosing, copying,
distributing, and/or using it. If you have received this communication in error, please
immediately delete it and all copies, and promptly notify the sender at the above
telephone number or electronic mail address.


>From: "Milligan, Denise R." <dmilligan@vssp.com>
>To: <simbella@msn.com>,"Amron, Cory M." <CMAmron@vssp.com>,"Donnell,
>Richard S." <rsdonnell@vssp.com>
>Subject: Mimi's American Bistro
>Date: Thu, 8 Jun 2006 16:32:40 -0400
>
>
>On behalf of Cory M. Amron, Esq., please see the attached.
>Denise Milligan
>Assistant to Ms. Amron
>  <<Mimi's.pdf>>
>
>
>From the law offices of Vorys, Sater, Seymour and Pease LLP.
>
>IRS CIRCULAR 230 DISCLOSURE:  In order to ensure compliance with
>requirements imposed by the U.S. Internal Revenue Service, we inform

1

# EXHIBIT F

# Vorys, Sater, Seymour and Pease LLP

Eleventh Floor • 1828 L Street, NW • Washington, DC 20036-5109 • Telephone (202) 467-8800 • Facsimile (202) 467-8900

| | | | | | |
|---|---|---|---|---|---|
| Arthur I. Vorys 1856-1933 Lowry F. Sater 1867-1935 Augustus T. Seymour 1873-1926 Edward L. Pease 1873-1924 | In Columbus 52 East Gay Street Post Office Box 1008 Columbus, OH 43216-1008 Telephone (614) 464-6400 Facsimile (614) 464-6350 | In Cleveland 2100 One Cleveland Center 1375 East Ninth Street Cleveland, Ohio 44114-1724 Telephone (216) 479-6100 Facsimile (216) 479-6060 | In Cincinnati Suite 2000 • Atrium II 221 East Fourth Street Post Office Box 0236 Cincinnati, Ohio 45201-0236 Telephone (513) 723-4000 Facsimile (513) 723-4056 | In Alexandria 277 South Washington Street Suite 310 Alexandria, Virginia 22314-3646 Telephone (703) 837-6999 Facsimile (703) 549-4492 | In Akron 106 South Main Street Suite 1100 Akron, Ohio 44308-1417 Telephone (330) 208-1000 Facsimile (330) 208-1001 |

Cory M. Amron
Direct Dial (202) 467-8810
Facsimile (202) 467-8900
E-Mail · cmamron@vssp.com

June 23, 2006



**VIA EMAIL**
simbella@msn.com

Nina M. Osseiran, Esq.
1513 Blue Meadow Road
Potomac, MD  20854

        Re:   Mimi's American Bistro
               <u>Our Ref. No.: 057694-000004</u>

Dear Nina:

       I have received your e-mail of today claiming that your client has changed the name of his restaurant, "Mimi's American Bistro" to "Singing Mimi" as required by the agreement dated January 12, 2006.

       I have photographs of the restaurant from the date the default letter was sent and I have personally visited the restaurant today and taken additional photographs. Here is what I found:

       1.    The only change of the name from "Mimi's American Bistro" to "Singing Mimi" is on your client's website. The name has been replaced on the website and currently indicates the restaurant to be "Singing Mimi."

       2.    The black banners hanging in front of the restaurant have been changed to "Mimi an american bistro", with the words "singing servers" in the upper left on a diagonal, in smaller letters. These words are clearly *not* a part of the restaurant name (see photo attached).

       3.    No other exterior or interior signage or use of the "Mimi's American Bistro" name has changed. The exterior sign on the window continues to say "Mimi's American Bistro," the menus and receipts (see attached) likewise have not changed, and there is a large "MIMI'S" sign painted inside by the front door.

Vorys, Sater, Seymour and Pease LLP

Nina M. Osseiran, Esq.
June 23, 2006
Page 2


      4.      When you call the restaurant, they answer "Mimi's American Bistro." When asked if this is "Mimi's American Bistro," they respond "yes."

      So, notwithstanding your e-mail today, your client continues to be in default of his contractual obligations.

      I look forward to hearing Mr. Shallal's intentions in this matter – no later than close of business on Tuesday, June 27, 2006.

      Sincerely,

      Cory M. Amron


CMA/pak
cc:  Roger H. Tefft, Esq.
Enclosures



## MIMI'S
### american bistro
202-464-MIMI(6464)

127 Steve T

--------------------------------

Tbl 32/1        Chk 2460            Gst 2
            Jun23'06 01:17PM
--------------------------------

2 WATER                         0.00
1 Diet Coke                     2.00
1 Mimi's Salad                  5.00
1 Today's Soup                  5.00
1 Eggplante Sand                8.00

 Subtotal                      20.00
 Tax                            2.00
01·17 Total                    22.00


Thank You For Choosing Mimi's

Comments? 202-464-6464
mimisdc.com
osseiran@msn.com
General Manager Hicham Baamrani
Hicham15@comcast.net

# EXHIBIT G

# Vorys, Sater, Seymour and Pease LLP

1828 L Street NW • Eleventh Floor • Washington, D.C. 20036-5109 • Telephone (202) 467-8800 • Facsimile (202) 467-8900

October 26, 2006

**FILE COPY**

<u>**VIA HAND-DELIVERY**</u>

Dimitri P. Mallios, Esq.
Registered Agent
LAN, Inc.
c/o 1828 L Street, NW, Suite 500
Washington, DC 20036

Mr. Andy Shallal
Mimi's American Bistro
2120 P Street, NW
Washington, DC 20036

Re:    Default Under Settlement Agreement
dated January 12, 2006
<u>Our Ref: 57694-00004</u>

Dear Messrs. Mallios and Shallal:

As you are aware, this firm represents SWH Corporation, owner of the Mimis Cafe chain of restaurants. We are writing regarding the Agreement between SWH Corporation, Mr. Shallal and LAN, Inc., dated January 11, 2006 ("Agreement"), a copy of which is enclosed. We have been informed by your prior counsel, Ms. Nina Osseiran, that she no longer represents LAN, Inc. or Mr. Shallal in this matter, that she is unaware of any replacement counsel, and that we are authorized by her to contact you directly. If, contrary to our understanding, you are currently represented by other counsel, please forward this letter to your counsel and request that they contact us.

We also enclose a copy of correspondence to Ms. Osseiran dated June 23, 2006 notifying her of your default under the Agreement. As you are aware, the Agreement is a binding contract that obligated you to change the name of your restaurant as of April 30, 2006. Although we are aware that you have replaced the banners outside your restaurant, you have not complied with the terms of the Agreement and have not changed the name of the restaurant. There are numerous examples of branding in and about your restaurant that infringe upon our client's trademark, including, but not limited to, signage, guest receipts, telephonic discourse, menus, business cards, etc.

As you know from our prior dealings leading to the execution of the Agreement, SWH is the owner of all right, title and interest in the trademark "MIMIS CAFE", and considers your restaurant's name(s) to be likely to cause confusion with its long-used and registered mark.

Vorys, Sater, Seymour and Pease LLP

Dimitri P. Mallios, Esq.
Mr. Andy Shallal
October 26, 2006
Page 2


As SWH has been moving forward towards opening its first 'MIMIS CAFE' restaurant in the Washington, DC metropolitan area, we first contacted you about this issue a year and a half ago so as to give you the longest possible advance notice of SWH's legal rights, thereby enabling you to build goodwill around a modified restaurant name. But you have not taken advantage of this accommodation and are now in default of the Agreement.

As a holder yourself of intellectual property rights, you are aware that these rights must be protected and enforced in order to keep them strong. Therefore, while our client has asked us to extend yet another courtesy to you of sending you this notice in the hopes that this matter may be resolved without litigation, we have been authorized to draft and file a complaint on our client's behalf in this matter. Our client still prefers to resolve this matter amicably, and will work to accomplish that goal, provided you also do the same; otherwise, it will take appropriate action to protect its rights.

This letter is without prejudice to our client's rights in this matter.

Sincerely,

Cory M. Amron

CMA/pak
cc:    Roger H. Tefft, Esq.
       Nina Osseiran, Esq.

Enclosure

# EXHIBIT H

**Amron, Cory M.**

| | |
|---|---|
| **From:** | A Shallal [ashallal@verizon.net] |
| **Sent:** | Friday, November 03, 2006 9:12 AM |
| **To:** | Amron, Cory M. |
| **Subject:** | change in name of mimi's |

Dear Ms. Amron:

I am in receipt of your letter dated October 26, 2006. As you may know Nina Osseiran can no longer represent me in this matter due to professional obligations. I have turned this matter over to Mr. Mallios of Mallios and OBrian. He will contact you at his earliest convenience.

In the meantime I have instructed the staff to state that this is mimi – not Mimi's. I am also in the process of continuing to make the appropriate changes and have since removed the lettering on the windows to reflect the agreement. I will be doing a renovation during the week of thanksgiving and will be painting the entire interior space as well as some other changes. I appreciate your kind understanding in this matter.

Thank you
Andy Shallal


--
No virus found in this outgoing message.
Checked by AVG Free Edition.
Version: 7.1.408 / Virus Database: 268.13.17/505 - Release Date: 10/27/2006

11/03/2006